SLR:LDM:EA
2012V00215

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

    - against -

THREE HUNDRED NINETY FIVE THOUSAND FIVE HUNDRED FIFTY-SIX DOLLARS AND FORTY-ONE CENTS ($395,556.41), MORE OR LESS, IN UNITED STATES CURRENCY SEIZED ON OR ABOUT DECEMBER 15, 2011 AND ALL PROCEEDS TRACEABLE THERETO; AND

REAL PROPERTY AND PREMISES LOCATED AT 39 LOVELL AVENUE, UNIT # 175, STATEN ISLAND, NEW YORK, 10314,

        Defendants In Rem.

**AMENDED VERIFIED COMPLAINT IN REM**

Civil Action No.

12 CV 1282 (BMC)

---

## INTRODUCTION

Plaintiff, United States of America, by its attorneys, LORETTA E. LYNCH, United States Attorney for the Eastern District of New York, and Erin Argo, Assistant United States Attorney, alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, pursuant to 18 U.S.C. §§ 983 and 985, in order to condemn and forfeit to the use and benefit of the United States of America (1) the real property, together with its respective buildings, appurtenances, improvements, fixtures, attachments, easements and furnishings, located at 39 Lovell Avenue, Unit # 175, Staten Island, New York, 10314, designated as Block 01994, Lot 1013, on the Richmond County Tax Map ("Defendant Property"), and (2) approximately $395,556.41 in U.S. currency seized on or about December

December 15, 2011 from safe deposit boxes and accounts held at Northfield Bank and Sovereign Bank (the "Defendant Currency") during the execution of a Richmond County criminal court search warrant.

2. Plaintiff seeks the forfeiture of the Defendant Property, pursuant to 21 U.S.C. § 881(a)(7), as property used or intended to be used to commit or facilitate the commission of violations of the Controlled Substances Act, 21 U.S.C. § 801 et seq. ("CSA"), punishable by more than one year's imprisonment. Forfeiture of the Defendant Currency is sought pursuant to 21 U.S.C. § 881(6), as money furnished in exchange for a controlled substance and/or as proceeds traceable to such an exchange, and/or as money used or intended to be used to facilitate a violation of the CSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. §§ 1355 and 1395, in that the acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## STATUTORY BACKGROUND

5. Pursuant to 21 U.S.C. § 881(a)(6), all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the CSA, or proceeds traceable to such an exchange or moneys used or intended to be used to facilitate a violation of the CSA are subject to forfeiture to the United States.

6. Pursuant to 21 U.S.C. § 881(a)(7), all real property, including any right, title,

and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the CSA punishable by more than one year's imprisonment is subject to forfeiture to the United States.

## FACTS

7. In early November 2011, Detective Matthew Reich ("Reich") of the New York Police Department ("NYPD") commenced an investigation into a suspect known as "JD Tommy" a/k/a Thomas Agoglia ("Agoglia"). During the course of the investigation Reich learned that Agoglia stored and sold cocaine inside of his residence located at 39 Lovell Avenue, Unit #175, in Staten Island, New York.

8. Specifically, on November 4, 2011, Reich met with a confidential informant ("CI") in the vicinity of the Defendant Property and gave the CI $100.00 in U.S. currency and watched the CI telephone Agoglia for the purpose of arranging the purchase of cocaine.

9. A short time later, the CI met with Agoglia in front of the Defendant Property and handed Agoglia the $100.00 in exchange for a bag containing what appeared to be cocaine. Reich then met with the CI who turned over the bag. After conducting a field test of the substance, Reich confirmed that the product was, in fact, cocaine.

10. On November 22, 2011, Reich once again met with the CI in the vicinity of the Defendant Property and gave the CI $100.00 in U.S. currency. The CI then telephoned Agoglia for the purpose of arranging the purchase of cocaine from him.

11. Shortly thereafter, the CI met with Agoglia in front of the Defendant Property and handed him the $100.00 in exchange for a bag containing what appeared to be cocaine. Reich then met with the CI who turned over the bag. A field test was conducted confirming that

the substance was cocaine.

12. On November 30, 2011, Reich met with the CI a third time and again gave the CI $100.00 in U.S. currency. The CI then contacted Agoglia for the purpose of arranging the purchase of cocaine.

13. The CI then observed Agoglia near the front entrance of the Defendant Property. A few moments later the CI received a phone call from Agoglia that instructed him/her to go into a 2010 Lincoln MKS parked nearby and get the cocaine off the front passenger seat, and to leave the money in the car. After complying with Agoglia's instructions, the CI observed him reengaging the alarm to the vehicle.

14. On December 2, 2011 the Honorable Judith McMahon, Justice of the Supreme Court, State of New York, issued a warrant authorizing the search of the Defendant Property.

15. On December 8, 2011 Reich and members of the Narcotics Borough of Staten Island ("NBSI") executed the search warrant at the Defendant Property. Pursuant to the execution of the warrant, Reich recovered a quantity of cocaine, marijuana, paraphernalia and packaging, cell phones, and financial documents relating to Northfield and Sovereign Banks. At the time of execution, Marjorie Agoglia ("Marjorie") was present and was arrested for criminal possession of a controlled substance, pursuant to New York Penal Law 220.21. Thomas Agoglia was arrested the following day for criminal possession of a controlled substance, pursuant to New York Penal Law 220.18.

16. On December 15, 2011 NYPD Detective Lisa Paskewitz ("Paskewitz") learned of the following safe deposit boxes and bank accounts:

    (a)     Safe Deposit Boxes #20536 and #20829 held at Northfield Bank,

          located at 1731 Victory Boulevard, Staten Island, New York, listed in the names of Thomas and Marjorie Agoglia, as lessees;

(b)    Safe Deposit Box #20735 held at Northfield Bank, located at 1731 Victory Boulevard, Staten Island, New York, listed in the names of Marjorie Agoglia and Joseph Agoglia, as lessees;

(c)    Northfield Bank Account #20080560, #20153540, #200104860, and #200396376 held in the name of Marjorie Agoglia;

(d)    Northfield Bank Account #85016924 held in the name of Thomas Agoglia;

(e)    Sovereign Bank Account #94028839, #2046114530, and #8870798934 held in the name of Marjorie Agoglia;

(f)    Sovereign Bank Account #40078590 held in the names of Thomas and Marjorie Agoglia; and

(g)    Sovereign Bank Account #1510024832 held in the name of Thomas Agoglia.

17. Later that day, Paskewitz procured a Richmond County Criminal Court Search Warrant for the accounts and safety deposit boxes held at Sovereign and Northfield Bank. Upon executing the warrant, approximately $166,080 in U.S. currency was recovered from Northfield Bank safe deposit box #20829 and $100,724.91 was recovered from the Northfield bank accounts listed above. A total of $128,751.50 was seized from the Sovereign bank accounts listed above. In addition, there were seven (7) pieces of paper with ledger-type writing reflecting the count of money in each bundle of U.S. currency found in Northfield Bank safe deposit box #20829.

18. The money recovered from the Northfield Bank safe deposit box consisted of approximately one thousand four hundred and ninety-five (1495) $100 dollar bills, approximately eighty-eight (88) $50 dollar bills, approximately five hundred and thirty (530) $20 dollar bills, approximately one hundred and seven (107) $10 dollar bills, and approximately eighty-two (82) $5 dollar bills.

19. Despite the extensive cash on hand, both Marjorie and Thomas Agoglia are unemployed, based on information from a credible informant and the investigation conducted by the NBSI. As a result, the Defendant Currency is believed to be the proceeds of Marjorie and Thomas Agoglia's narcotics sales.

20. According to public records, Marjorie exclusively holds title to the entire premises and real property located at 39 Lovell Ave, Unit #175, Staten Island, New York.

21. On several occasions between November 4, 2011 and November 30, 2011, law enforcement officers observed Agoglia entering or exiting the Defendant Property through the front door that leads into the premises. For example, on or about November 4, 2011, Agoglia was seen walking out of the front door of the Defendant Property. Similarly, on or about November 22, 2011 and November 30, 2011, law enforcement officers observed Agoglia exit and enter the main entrance. A public records search confirms that Marjorie Agoglia is the current owner of the Defendant Property.

22. Reich's account of his interviews with the above mentioned CI confirms that the CI observed Agoglia leave via the front door of 39 Lovell Ave on multiple occasions.

23. A review of police records indicates that Thomas Agoglia has eight prior arrests and convictions for the possession and/or sale of a controlled substance. Marjorie has no prior arrests.

## FIRST CLAIM FOR RELIEF
### (Property Traceable to Sale of Controlled Substance)

24. Plaintiff repeats the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. The Defendant Currency constitute moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I of the United States Code, or proceeds traceable to such an exchange or money used or intended to be used to facilitate a controlled substance offense.

26. As a result of the foregoing, the Defendant Currency are liable to condemnation and forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF
### (Property Facilitating the Sale of Controlled Substance)

27. Plaintiff repeats the allegations of paragraphs 1 through 23 as if fully set forth herein.

28. The Defendant Property was used or intended to be used to commit or facilitate the commission of violations of the CSA, punishable by more than one year's imprisonment.

29. By reason of the foregoing, the Defendant Property is liable to condemnation and forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

WHEREFORE, plaintiff United States requests that, pursuant to Title 18 U.S.C. §§ 983 and 985, notice of this Amended Verified Compliant be issued as to the Defendants In Rem, an amended warrant of this Court be issued for the arrest of the Defendant Currency; that notice of these proceedings be given to all interested persons; that the Defendant Funds and Property be forfeited and condemned to the use of the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
    March 22, 2012

                        LORETTA E. LYNCH
                        United States Attorney
                        *Attorney for Plaintiff*
                        Eastern District Of New York
                        271 Cadman Plaza East
                        Brooklyn, New York 11201

BY: _____
     Erin Argo
     Assistant United States Attorney
     (718) 254-6049

VERIFICATION

1. I am a Detective with the New York Police Department ("NYPD"), Asset Forfeiture Unit and a Task Force Officer with the United States Department of Homeland Security, Homeland Security Investigations. I am assigned to the El Dorado Task Force, Asset Identification and Removal Group and, as such, have knowledge of the facts underlying this action.

2. I have read the within Amended Verified Complaint In Rem and know the contents thereof.

3. The matters contained in the within the Amended Verified Complaint In Rem are true and accurate to the best of my knowledge, information and belief.

4. The source of my information and the grounds for my belief are my personal knowledge, information provided by other law enforcement officers, and the official files and records of the NYPD and other law enforcement agencies.

I, declare under penalty of perjury that the foregoing is true, to the best of my knowledge, information, and belief.

Dated: Brooklyn, New York
       March 22, 2012

_____
Lisa Paskewitz
Detective
New York Police Department
Task Force Officer, El Dorado Task Force
Asset Identification Removal Group
United States Department of
Homeland Security,
Homeland Security Investigations

9